IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| THEODORE HAUGLAND,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 24-cv-00062-DKW-WRP<br><br>**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

On February 6, 2024, Plaintiff Theodore Haugland, proceeding without counsel, filed a Complaint against the United States of America, alleging, among other things, that an agent of the Internal Revenue Service made "unauthorized disclosures of Plaintiff's [tax] returns and return information to various third parties" in violation of the Internal Revenue Code. Dkt. No. 1 at 3. Haugland also filed a motion for leave to proceed without prepaying fees or costs ("IFP Application"). Dkt. No. 2.

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).   Here, for the reasons explained below, because Haugland falls far short of demonstrating an inability to pay the $405 filing fee for this case, the IFP Application is DENIED.

In the IFP Application, Haugland states that, for the past 12 months, he has an average monthly income of $17,909.   Dkt. No. 2 at 1.   He further states that, next month, he expects total income of $47,916.   *Id*. at 1-2.   This latter amount includes $5,300 in employment income, $10,654 from self-employment, and $10,654 in income from real property.   *Id*.   On the other side of the ledger, Haugland appears to state that he has three minor-dependents, and has average monthly expenses of $18,784, including a $4,295 rent or mortgage payment, $2,500 in food expenses, $1,200 in clothing expenses, $1,500 in transportation costs, $6,000 in expenses for operating a business, and a $794 cell phone bill.   *Id*. at 3-5.

In light of these figures, the Court finds that Haugland's financial circumstances do not indicate that he lacks the ability to pay the $405 filing fee for this action while still being able to afford the necessities of life.   Among other

things, Haugland expects to receive income of $47,916 next month, an amount, even when taking into account his alleged monthly expenses, that dwarfs the $405 filing fee.[2]  The Court also finds that Haugland has been less than fully candid. In the IFP Application, in explaining why he cannot pay the costs of this proceeding, he states that, due to the disclosure of his "information" by the Internal Revenue Service, he has lost "business and opportunity."  Dkt. No. 2 at 5.  The financial information provided in the IFP Application reflects otherwise, however, given that Haugland asserts that he has averaged $5,300 in employment income *and* $10,654 in self-employment income for the past 12 months, *and* has regular expenses of $6,000 per month in operating his business.[3]  In other words, it does not appear that Haugland's "business and opportunity[]" has been lost, at least not to the extent it impacts his ability to pay the costs of this proceeding.  Put simply, the IFP statute is not designed for a litigant of Haugland's apparent means.  The IFP Application, Dkt. No. 2, is accordingly DENIED.

---

[2]This is so, even if the Court accepted Haugland's assertions that, based upon his past income and monthly expenses, he has effectively lost approximately $900 per month for the last 12 months.

[3]The Court notes that, despite an instruction to do so, Haugland, did not include a "detailed statement" of his regular business expenses as part of his IFP Application.  *See* Dkt. No. 2 at 5.

Haugland may have until **February 26, 2024** to pay the required filing fee. The Court cautions Haugland that failure to pay the fee by that date will result in the automatic dismissal of this action without prejudice and without further notice.

IT IS SO ORDERED.

Dated: February 12, 2024 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

Theodore Haugland v. United States of America; Civil No. 24-00062 DKW-WRP; **ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**